UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Williams & Hussey
Machine Co., Inc.

    v.                                                  Civil No. 06-cv-387-JM

Woodstock International, Inc.
Grizzly Industrial, Inc.

### **O R D E R**

Defendant moves for summary judgment on Count I of its counterclaim, i.e., on the basis of a claimed fraud on the United States Patent and Trademark Office (the "USPTO") (Document no. 24).

### **FACTS**

Plaintiff manufactures and sells the Williams & Hussey Molder. It has a unique non-functional configuration which has been federally registered. In its application, the identification of the equipment was as follows:

> "International Class 007: Wood-working equipment, namely molders, planers and routers."

Defendant maintains that this statement, as it relates to "routers," was a "fraud on the patent office," in that the equipment is not a router, but a molder/planer.

Defendant has complied with the requirements of LR 7.3 to the extent of filing a concise statement of material facts. The

record that is relied upon to demonstrate that there are no genuine issues of fact, however, must contain admissible evidence.  Fed. R. Civ. P. 56(e).  Here, defendant has failed to authenticate any of the documents appended to its brief in support of its argument, rendering those documents that are not self-authenticating inadmissible and the citations to them inappropriate.  See id.; see also Fed. R. Evid. 901 & 902.  On the other hand, plaintiff has filed an extensive affidavit as its statement of material facts.[1]  This comports with the requirements of Rule 56.  Plaintiff's statement of facts is deemed admitted and the court will proceed on those facts.  See LR 7.2(b)(2); see also Marin-Colon v. Dep't of Homeland Sec., ___ F.3d ___, No. 06-2468, slip. op. at 5-6 (1st Cir. Dec. 18, 2007) (enforcing local rule governing evidence submitted in support of summary judgment).

    The W&H Molder can be, and sometimes is, used for routing.  The Molder satisfies each of the cited dictionary definitions of a "router."  It rabbets, bevels edges, shapes molding, makes arcs and surface cuts.  See Doc. 37.3, ¶7.  That is, it does what a

---

[1] An affidavit is not required by Rule 56 but provides for the requisite authentication of the documents proffered in support of, or in opposition to, a motion for summary judgment.

dedicated "router" does.  It molds, planes and routs.

## DISCUSSION

**1.   Summary Judgment Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Navarro v. Pfizer Corp., 261 F.3d 90, 93-94 (1st Cir. 2001) (citing authority).  The burden of showing an absence of any genuine issues of material fact lies with the moving party.  See id.  The facts must be viewed in the light most favorable to the non-moving party, construing all reasonable inferences in his favor.  See Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000).  "The role of summary judgment is to pierce the boilerplate of the pleadings and provide a means for prompt disposition of cases in which no trial-worthy issue exists."  Quinn v. City of Boston, 325 F.3d 18, 28 (1st Cir. 2003) (citing Suarez, 229 F.3d at 53).  Here, accepting the plaintiffs facts as true, there are no genuine issues of material fact and only legal questions remain in dispute.  Accordingly,

summary judgment is the appropriate method to resolve this matter.  See Quinn, 325 F.3d at 28.

**2.   Fraud on the USPTO**

Defendant's Counterclaim Count I, alleging fraud on the USPTO, must meet the requirements of Fed. R. Civ. P. 9(g) that:

> (i)n all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge and other condition of mind of a person may be averred generally.

For purposes of this motion I assume defendant has met that requirement.

Defendant's burden of proof is the "clear and convincing evidence" standard.  The Trademark Board has often made statements to the following effect:

> Fraud in a trademark configuration is something that must be "proved to the hilt" with little or no room for speculation or surmise; considerable room for honest mistake, inadvertence... and any doubts resolved against the charging party. (citations omitted)  For these reasons, fraud in trademark registration procurement, though often alleged, is seldom proven.

J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition §31:68 (2006).  This case is no exception.

Defendant would be entitled to summary judgment on Count I of the counterclaim only if proved by clear and convincing

evidence that plaintiff "knowingly (made) false, material representations of fact with (its) application." Torres v. Cantine Torresella S.r.l., 808 F.2d 46, 48 (Fed. Cir. 1986). Here, defendant has failed to prove that plaintiff's representation about its router was false.

To the contrary, the plaintiffs product meets the dictionary definition of a router. It can be used as a router. It is a router, a planer and a molder. The undisputed evidence is that the representation was true. The fact that the product is primarily used as a molder does not make the statement to the USPTO false. Certainly it does not establish fraud.

Defendant has not only failed to prove fraud "to the hilt," it has failed to provide any evidence of fraud. Even if the use of the term "router" in the application was misleading, or not technically accurate, the defendant must prove by clear and convincing evidence that plaintiff actually knew or believed that the statement was false. Defendant has not met its burden. In this motion, plaintiff has no burden of proof, but its president has sworn that the plaintiff had no intent to mislead or deceive the USPTO. That affidavit is uncontested and I have no reason not to accept it as true. See L.R. 7.2(b)(2).

Defendant's motion (Document no. 24) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: February 6, 2008

cc: Stephen B. Mosier, Esq.
    Todd A. Sullivan, Esq.
    Joseph F. Schmidt, Esq.
    Julie A. Katz, Esq.
    Michael S. Katz, Esq.
    Daniel E. Will, Esq.
    Jonathan M. Shirley, Esq.